UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIS STANFIELD,

               Petitioner,                        CRIMINAL ACTION NO. 09-20300

vs.                                        DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                        MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

               Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence

should be denied, as Petitioner has shown no violations of his federal constitutional rights

from alleged errors in his guilty plea proceedings.

\*     \*     \*

Petitioner, while a prisoner at the St. Clair County Jail in Port Huron, Michigan, filed

a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on February

23, 2010, alleging violations of his federal constitutional rights to due process incident to

his guilty plea before United States District Court Judge Lawrence P. Zatkoff. As a result

of a Rule 11 plea bargain agreement, which fully set forth the promises made by both

parties,[1] the Petitioner pled guilty to possession of cocaine and cocaine base (crack) with

---

[1]In consideration of the plea, the parties agreed that the appropriate guideline range
was 151 to 188 months. In addition, Petitioner agreed not to appeal the legality of the
sentencing guidelines, or challenge the accuracy of any factor stipulated in the guideline
worksheets. The district court later sentenced Petitioner to 151 months imprisonment. In
exchange for the guilty plea, the government agreed not to bring further charges related
to the offenses charged in the Information. The parties further negotiated a Cooperation
Agreement, whereby the government would seek a downward departure if Petitioner
provided substantial assistance with the ongoing prosecution of Thomas Whitsell, his drug
supplier (See Exhibit A of Rule 11 Plea Agreement at Docket #22).

intent to distribute in violation of 21 U.S.C. §§ 841(a)(1). Petitioner was sentenced on February 4, 2010, to the custody of the Attorney General for a term of 151 months. As promised in the Rule 11 plea agreement, Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

Petitioner contends he did not understand the nature of the charge and consequences of the plea. He further asserts that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing. The Respondent filed an answer to the Motion to Vacate on April 27, 2010, contending that, during the plea colloquy, Petitioner stated he had reviewed the plea agreement with counsel and understood it. Respondent further maintains that the overall performance of Petitioner's counsel was within the range of effective representation demanded of lawyers practicing criminal law, and that Petitioner has failed to demonstrate any prejudice resulting from alleged errors by trial counsel. Section 2255 provides that in an action to vacate or correct the sentence,[2] the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ."  The undersigned is persuaded that there is no merit to the Petitioner's assertions that his guilty plea was made unintelligently, or that the plea or sentence resulted from ineffective assistance of counsel.

---

[2]In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

GUILTY PLEA PROCEEDINGS

Petitioner argues that he was induced to accept the Plea Agreement by his counsel, without a full explanation of the nature of the charges or the consequences of accepting the Plea Agreement. Petitioner also asserts that counsel persuaded him to accept the guilty plea with the promise of a downward departure that has not yet materialized.[3] He also maintains that his attorney was deficient in failing to pursue other avenues of defense.

By pleading guilty, Petitioner waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes a waiver of several constitutional rights, it must be made voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 648 (1976)., A "plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." Machibroda v. United States, 368 U.S. 487, 493 (1962), quoting Kercheval v. United States, 247 U.S. 220 (1927).  It has been stated that Boykin and Machibroda "set forth a three-pronged test: The plea of guilty must be made voluntarily, it must be made after proper advice, and it must be made with full understanding of the consequences." Henderson v. Morgan, 426 U.S. at 653. (Rehnquist, J., dissenting). The determination of whether the guilty plea was voluntarily and intelligently made must be "based on a comprehensive examination of the totality of the circumstances."  Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir. 1984).

---

[3]The government states that drug supplier Whitsell's case has not yet proceeded to trial. The government intends to honor its agreement to make a motion for a downward departure once Petitioner provides substantial assistance to the government's case. (See footnote 1 to Respondent's Answer to Petitioner's Motion to Vacate at Docket #22)

The record in this case reveals that Petitioner's plea was knowing and voluntary; that he consented in open court to the terms of the plea agreement; that he understood the consequences of his guilty plea, including the possible prison sentence; and that he consciously chose to plead rather than to go to trial. The record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement. At the plea hearing, the Court inquired as to Petitioner's mental status, reviewed his trial rights and found that he was competent to enter the plea and that he was doing so voluntarily. The terms of the agreement clearly state that Petitioner unconditionally waived his right to appeal and could only withdraw his plea if the Court imposed a sentence higher than 188 months. (See pp.5-6 of Plea Agreement at Docket #22). Petitioner was assisted by counsel within the terms of the Sixth Amendment, and it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504 (1984). As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63 (1977).

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements

of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom  Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has not met his burden here. Upon review, I am persuaded that he has failed to show any serious errors or prejudice resulting from his attorney's performance. Petitioner was caught on video tape delivering crack cocaine to an undercover ATF agent. The government could have charged Petitioner with conspiracy, or aiding and abetting, in connection with the crack cocaine sales of his narcotics supplier (Thomas Whitsell, Sr.). Such charges would have carried a 20 year mandatory minimum sentence, given Petitioner's prior conviction for dealing cocaine (See 21 U.S.C. § 841(b)). By negotiating the Rule 11 plea agreement, counsel substantially reduced the amount of jail time Petitioner could have served. Counsel also left open the possibility of a further reduction in the sentence once Petitioner provides substantial assistance in the prosecution of his drug supplier.

Contrary to Petitioner's assertion, his counsel was active throughout the sentencing phase. Counsel filed two separate sentencing memoranda with the Court on Petitioner's behalf, contesting the pre-sentence report, and arguing for a drastically reduced sentence (See Docket #15 and #16). Counsel negotiated a respectable plea in light of the strong

evidence against Petitioner, and the claim that Petitioner was denied the effective assistance of counsel in connection with his guilty plea and sentencing should be rejected.

For the foregoing reasons, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be DENIED. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 29, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on June 29, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 29, 2010:  **Willis Stanfield**
**43452-039**
**FCI - Gilmer**
**P.O. Box 6000**
**Glennville, WV 26351**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217